25245.   De PALMA v. THE STATE.

Argued June 11, 1969—Decided September 8, 1969.

*John McGuigan,* for appellant.

*Ben T. Smith, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans,* for appellee.

Almand, Chief Justice.   On April 5, 1966, the Mayfield Trucking Company was robbed by two men.   A .38-caliber Smith & Wesson revolver, a petty cash box, some cash, and some gasoline credit cards were taken.

Appellant was indicted for the offense in Cobb County.   On October 20, 1967, he was found guilty and sentenced to a term

466

of ten years. His motion for a new trial was overruled and he brings his appeal.

■ Enumerations of error 1, 2 and 3 will be considered together as they are based on the general ground that the evidence admitted at the trial was insufficient to support the verdict.

The entire case for the State rests on circumstantial evidence. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." *Code* § 38-109. " 'The term "hypothesis" as used in the Penal Code in the rule as to what is necessary to warrant a conviction on circumstantial evidence . . . refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life.' " *Wrisper v. State,* 193 Ga. 157 (17 SE2d 714). In light of the above stated principles, the question to be determined is whether or not the evidence introduced by the State supports any reasonable inference other than the guilt of the accused.

Appellee maintains that the evidence shows that the defendant had possession of some of the stolen articles, and that since this possession was never satisfactorily explained, the verdict of guilty is supported by the evidence.

We cannot agree that the evidence established possession of the stolen articles in the defendant.

One of the items stolen was a .38-caliber Smith & Wesson revolver. The State introduced evidence which showed that defendant, and one C. E. Tyler were apprehended on May 29, 1966, in a Winn-Dixie store which they were attempting to burglarize. In a bag, found inside the store, was a revolver identified as the one stolen from the Mayfield Trucking Company. There was no testimony that the revolver in question was ever found on the person of the defendant, or that he was ever in possession of the bag in which it was found.

It seems to us equally reasonable to suppose that the revolver was in Tyler's possession as to suppose that it was in the possession of the defendant. Therefore, under the *Wrisper* rationale cited above, we cannot hold that the evidence supports a finding that the revolver was in the possession of the defendant. ·

The remaining stolen articles allegedly found in defendant's possession consist of some gasoline credit cards. The cards themselves were not introduced into evidence, but they were identified as the cards stolen from the Mayfield Trucking Company.

The appellee urges that the evidence shows that defendant admitted having possession of the cards. The only testimony linking the defendant with the credit cards was given by Officer Davis of the Cobb County Sheriff's Department. In his testimony, he quoted the defendant as saying, " 'They [the credit cards] didn't come from my apartment. They came from a storage bin that is assigned to us in the basement of the apartment.' "

This testimony is not sufficient to prove possession under the *Wrisper* rationale. The key word in the testimony is "us." This indicates that the storage bin was assigned to at least one person other than the defendant. It seems a patently reasonable inference that the credit cards could as easily have belonged to the unidentified co-owner or owners of the bin as to the defendant. The testimony shows only that the defendant knew where the cards were. The fact that one may know where the gold reserve of the United States is located does not, unfortunately, reduce it to his possession.

The evidence legally admitted in support of this charge was wholly circumstantial, and did not exclude every other hypothesis save the guilt of the accused. Thus, the appellant is entitled to a new trial.

■ Appellant also maintains that the State placed his character into evidence without his first having done so.

There have been a multitude of decisions by this court concerning this problem. In *Wilson v. State*, 173 Ga. 275, 284 (160 SE 319), the criterion to be applied in cases of this sort was outlined in a full bench decision. "Where one is on trial charged with the commission of a crime, proof of a distinct and independent offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. To this general rule there are some exceptions; as, when the extraneous crime . . . may bear upon the question of the identity of the accused or articles connected with the offense."

The evidence thus complained of can be divided into two categories. The first deals with the apprehension of the defendant and another while they were burglarizing a Winn-Dixie supermarket on May 29, 1966. In terms of the *Wilson* decision, it is clear that the proof of the second crime in no way tends to establish the commission of the first. Therefore, this evidence, to be admissible at all, must come under one of the exceptions to the general rule as set out in the *Wilson* opinion. Appellee urges that the evidence is admissible because a revolver, identified as the one stolen in the Mayfield robbery, was found at the scene of the subsequent burglary. The revolver was found in a bag, which was apparently brought into the store by the defendant and his accomplice.

The revolver, having been identified as the one stolen in the Mayfield robbery is, it seems to us, an "article connected with the offense" within the *Wilson* rationale. We hold, therefore, that the State could properly offer evidence showing the following: (1) that the defendant and an accomplice were in the store on the morning in question before it opened for business; (2) that the revolver in question was found in a bag within the store; and (3) that the store manager closed the store at 9 on the preceding evening and that the revolver was not in the store at that time. All the other evidence connected with the burglarizing of the Winn-Dixie store was improperly admitted, and this admission constituted reversible error.

The second category consisted of evidence tending to show that defendant possessed certain gasoline credit cards identified as having been stolen in the Mayfield robbery. Once again, these cards would be "articles connected with the offense" under the *Wilson* rationale. Thus, we hold that evidence showing that the credit cards in court were the same ones stolen in the robbery was admissible. It would further be proper for the State to offer the statement of the defendant that the cards were located in a storage bin in the basement of an apartment building and that the bin was assigned to the defendant and others and that the defendant was advised of his constitutional rights before making the statement. But we also hold that the admission of other evidence concerning the circumstances surrounding the seizure of the cards was reversible error.

■ Appellant also contends that there was a material, and therefore fatal, variance between the indictment and the evidence offered by the State on the trial of the case.

The first such variance raised by the appellant is the fact that the indictment charged him with "exhibiting" a gun, while the evidence failed to show this. The night watchman at the Mayfield plant testified that the robber grabbed him by the belt and stuck a gun in his stomach. This is a sufficient "exhibition" of the gun to prove the allegations of the indictment.

We now turn to the other variance alleged by the appellant. The indictment charges that the defendant did, "take from the person of James C. Evans, without his consent, *he being the owner, the person in control and possession of* following described personal property to wit: one .38-calibre Smith & Weston [sic] revolver pistol. . ." (Emphasis supplied.) Thus the indictment clearly alleged that James C. Evans, who was the night watchman at the time of the robbery, was the owner of the pistol.

*Code Ann.* § 26-2501 defines robbery as, "the wrongfully fraudulent, and violently taking of money, goods or chattels from the person of another, . . . without the consent *of the owner or person in possession or control thereof."* (Emphasis supplied). The statute clearly indicates that all that is necessary to prove the offense is a showing that the person from whom the property was taken was *either* the owner *or* the person in possession, *or* the person in control of the stolen property. The State, however, in its indictment alleges that James Evans was all three. The uncontroverted evidence in the case showed that the revolver did not belong to James Evans. Thus, it is clear that a variance exists. The crucial question is whether or not the variance is fatal.

We have not been able to locate any Georgia cases which set out a general rule to be applied in the determination of whether or not a variance between the allegation and the proof is so material that it is fatal. The United States Supreme Court, however, has evolved a criterion which seems to us to be reasonable. "The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused

shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." (Citations omitted). Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314).

Clearly, the variance complained of here, would not subject the accused to either of these dangers.

For the reasons set out in the other divisions of this opinion, the appellant is entitled to a new trial.

*Judgment reversed. All the Justices concur.*