## 30366. DOBBS v. THE STATE.

HILL, Justice.

Clarence Ricky Dobbs was tried by a judge without a jury and convicted of armed robbery, aggravated assault, and motor vehicle theft. He was sentenced to life imprisonment for armed robbery, ten years for aggravated assault to run consecutively, and five years for motor vehicle theft to run concurrently with the ten year sentence. He was represented at trial by retained counsel. He is represented in this appeal by different counsel.

At trial the victim identified the defendant as a boy (age 16) who had worked for her the summer before. She testified that the defendant came to her house and asked for a church donation. When she refused saying she did not have any money, he pushed his way in the door. He asked her where her pocketbook was, and when she said she was not sure exactly, he grabbed her and cut her with a knife several times on the neck. A deep cut on her thumb was inflicted as she struggled to keep the knife from her throat. He then began to hit her over the head with an ashtray. The victim received multiple wounds. Finally he took $15 and her car keys and fled in her car, leaving the victim bound and bleeding.

That same day police apprehended the defendant driving the victim's car. When first questioned, he denied stealing the car from the victim, but later he admitted taking it. The defendant took the stand and admitted entering the house and taking the money and car. He contended that the knife wounds were accidental.

1. Defendant enumerates as error the denial of his pre-trial motion for psychiatric examination. He argues that the report was not made available to the court for determination of whether the defendant was capable of standing trial as well as capable of committing a crime.

The transcript of the trial shows that a psychiatric examination was made and that the results were that the defendant was sane. Defendant did not assert at trial that he was mentally incapable of standing trial or of committing a crime. Although the results of the psychiatric examination were not introduced into evidence, this enumeration of error is without merit.

2. Defendant contends that the trial court erred in denying his pre-trial motion for discovery. By motion he requested a copy of the indictment, a list of witnesses that the state intended to call, and any evidence in the state's files that might be favorable to him. On appeal, he does not contend that he was denied copy of the indictment or list of witnesses but argues that he was denied discovery under Brady v. Maryland, 383 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

There is nothing in the record to indicate that the defendant's motion was denied or that the prosecutor had evidence favorable to the accused or failed to comply with the request. This enumeration of error is without merit. *Chenault v. State,* 234 Ga. 216 (3) (215 SE2d 223) (1975); *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974).

3. Defendant contends that there is a fatal variance between the allegation in the indictment charging him with motor vehicle theft and the proof presented at trial.

The indictment charged the defendant with taking "one 1973 2-door Chevrolet Malibu automobile, dark brown body with beige top, Georgia tag number MRL 826 property of May Pierce Combs." The victim testified to her ownership of a 1973 Chevrolet, 2-door, Malibu, brown with cream top, and that the defendant had taken it. The defendant admitted to the police that he stole the car and he also testified that he did so. According to the trial transcript the arresting police officer identified the car as a 1973 Chevrolet Malibu with license number MRL 26, rather than MRL 826. It is the officer's testimony which the defendant argues created the fatal variance.

In *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969), this court adopted the criterion developed by the United States Supreme Court for determining whether or not a variance is fatal: " 'The general rule that allegations and proof must correspond is based upon the obvious

requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.'... Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." Here the variance complained of did not subject the defendant to either of these dangers. *Seabolt v. State,* 234 Ga. 356 (216 SE2d 110) (1975); *De Palma v. State,* supra.

Defendant relies upon *Marchman v. State,* 129 Ga. App. 22 (198 SE2d 425) (1973), where the variance was a Narco instead of a Narvo aircraft radio, and upon *Marsh v. State,* 120 Ga. App. 46 (169 SE2d 615) (1969), where the variance was a 1965 Georgia auto tag number 6-J-13902 instead of a 1964 Georgia tag with that same number.

*Marchman,* supra, followed *McLendon v. State,* 121 Ga. 158 (48 SE 902) (1904), which found that the evidence showing that the defendant stole some flour and tobacco was insufficient to make out the case alleged in the indictment that the defendant stole one box of Sweep Stakes tobacco, five pounds Duke's mixture smoking tobacco, and one 19-pound sack of Capitola flour. There the court said: "If a necessary allegation is made unnecessarily minute in description, the proof must satisfy the descriptive as well as main part, since the one is essential to the identity of the other."

*Marsh,* supra, followed *Smith v. State,* 185 Ga. 365 (195 SE 144) (1938). *Smith,* a fatal variance case, quoted *McLendon,* supra, approvingly, although one Justice felt bound by prior decisions and thus concurred, and another Justice dissented. *Smith* found there was a fatal variance when the indictment charged the defendant with theft of two described chickens and the evidence supported the indictment in all particulars except the evidence did not show the sex of the chickens.

We have concluded that in light of the test approved in *De Palma v. State,* supra, the fatal variance doctrine has been applied too restrictively in *Smith v. State,* 185 Ga. 365, supra, *Marchman v. State,* 129 Ga. App. 22, supra, and *Marsh v. State,* 120 Ga. App. 46, supra. Accordingly, *Smith v. State* is overruled and *Marchman v.*

*State* and *Marsh v. State* will not be followed. This result was forecast on motion for rehearing in *Marchman v. State,* 234 Ga. 40, 45 (215 SE2d 467) (1975).

Applying the *De Palma* test, we find that there was no fatal variance between the indictment and the proof as contended by the defendant in this case.

4. Defendant contends that his retained trial counsel rendered ineffective assistance in that his counsel waived jury trial, waived opening statement, failed to urge pre-trial motions, failed to bring forth competent psychiatric evidence, and failed to make a closing argument at the end of the guilt or innocence phase of the trial. Defendant argues that, although none of these items standing alone would constitute ineffective assistance of counsel, taken together they show that the defendant was not given effective trial assistance.

We do not agree. The effectiveness of counsel is measured not by his effectiveness in achieving a favorable verdict, but by his reasonable effectiveness during the trial in defending the accused. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974).

In this case, trial defense counsel was required to defend the defendant who admittedly was guilty of an unprovoked and brutal attack upon a defenseless woman. He moved for a change of venue but chose to proceed to trial before the court. If either side could benefit by an opening statement in a nonjury case, then the prosecution had more to gain by the opening statement in this case than did the defense, yet, after consulting together, both sides agreed to waive opening statements. Defense counsel secured a pre-trial psychiatric examination, the result of which provided no defense. He called a juvenile case worker who had investigated the defendant's background and through her introduced evidence, over objection, that the conduct charged against the defendant was inconsistent with his conduct in school and in the community and that she considered his suddenly violent conduct unusual.

After the defendant took the stand and confessed to the crimes, defense counsel waived closing argument on the guilt-innocence phase of the trial and made his argument during the sentencing phase.

In light of the nature of the crime and the overwhelming evidence against the defendant in this case, the trial tactics and strategy followed by counsel were as effective as possible under the circumstances. There is no merit to the charge of ineffective assistance of trial counsel.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 26, 1975 — DECIDED JANUARY 6, 1976.

*Daniel P. Camp,* for appellant.

*Robert H. Sullivan, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.