## 55014. ABERCROMBIE v. THE STATE.

SMITH, Judge.

Abercrombie's appeal of his conviction for receiving stolen property contends that the proof fatally varied from the indictment and that the evidence was insufficient to support the verdict. We find no fatal variance, and we find that the evidence authorized the verdict. The judgment is affirmed.

The indictment charged that Abercrombie "receive[d] from Bradley Miller stolen property, to-wit: one Plymouth Roadrunner automobile, property of Dennis Pass, of the value of $1,100.00, knowing and should have known, said property was stolen; said property not having been received with intent to restore it to the owner." The state's proof showed that Bradley Miller had participated in the theft of the automobile and had been present at a time when the appellant was in possession of the automobile; however, the proof showed that the appellant actually received the automobile from someone other than Bradley. Thus, there was a variance between the allegations and the proof, but we do not believe the variance is fatal in this case.

Under the test announced in *De Palma v. State,* 225 Ga. 465 (169 SE2d 801)(1969) and *Dobbs v. State,* 235 Ga. 800 (221 SE2d 576)(1976), a variance is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense. Basically, it is a test to determine whether the variance has affected the substantial rights of the defendant. *Sessions v. State,* 143 Ga. App. 395 (238 SE2d 762)(1977).Where the variation is technical or trivial, or where the allegations and the proof substantially correspond, such that it cannot be said that the defendant was misled or prejudiced, the variance will not be fatal. *Foster v. State,* 142 Ga. App. 805, 807 (237 SE2d 455) (1977) (Smith, J., dissenting).

We find no such deficiencies in this case. First, proof of from whom a stolen article was received is not an

essential element of the crime of receiving stolen property. Code § 26-1806 (a). The state's evidence adequately proved all the essential elements of the crime. Second, we do not believe the appellant could have been misled about the charge against him because the indictment was specific as to the type, value, and ownership of the stolen property received, as well as to the date of receipt. Finally, we find that this specificity in the indictment, together with the proof substantially conforming thereto, sufficiently protects the appellant against further charges for the same offense. The variance was not fatal.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 3, 1978 — DECIDED FEBRUARY 15, 1978 — REHEARING DENIED MARCH 8, 1978.

*John Roger Palmour,* for appellant.

*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.