## 57028. GIVENS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for theft of a motor vehicle. *Held:*

The defendant enumerates but one error. He alleges "The trial court erred in denying the appellant's motion for directed verdict. The trial court allowed the State to allege, indict and convict for the theft of one Dodge Charger, without producing the rightful property owner of said vehicle to testify in open court." This is not the same motion made at trial. There counsel made "a motion for directed verdict based on the fact that the officer has not testified that the car that was found at the scene of the accident is the car which was taken from Karp Motors." However, in Part III of his brief, defendant argues that "the state has failed to establish the elements in

connection with the Allegata and Probata."

Defendant is probably restating the same claim of error — three different ways. The defendant was indicted for the theft of "one (1) Dodge automobile, the property of J. C. Lewis, Inc., doing business as Avis Rent-A-Car. . ." The testimony of Mr. Frank Jarvis, parts and service director of Karp Motors, revealed that they accepted a "1976 Dodge automobile from Avis Rent-A-Car for repairs . . . [b]earing tag number SA-713 . . . Green, with a green vinyl roof." Mr. Martin Wells, shop foreman for Karp Motors, testified that the "1976 Dodge automobile . . . green, bearing tag number SA-713," was taken from their parking lot December 19, 1975, without permission.

Police officers Hood and Hucks, during the early morning hours of December 20, 1975, had stopped a car to investigate two suspects. They heard another vehicle leave a nearby service station "spinning its tires, and left the scene at a high rate of speed . . ." Officer Hucks stopped the vehicle. Both officers had an excellent opportunity to view the driver. They identified him as the defendant as they had his picture in their patrol car for the past few days and were on the lookout for him. When they asked the driver for his license, he sped away. The officers pursued him but were unable to apprehend him. They called in the name of the defendant and description of the car — license number SA-713, Dodge Charger. They received notification over the radio of a wreck a few minutes later. It was the same vehicle — SA-713. The car had been abandoned. The defendant was apprehended later. His defense was alibi.

Mr. John G. Farmer, manager for Avis Rent-A-Car in Savannah, testified that he carried an Avis motor vehicle to Karp Motors for repairs on December 19. It was "green, with a green vinyl top . . . Georgia . . . prestige tags, which had SA-713." However, he identified the vehicle as a "Chrysler Cordoba."

Addressing first the motion for directed verdict at trial, which argued that the car found at the scene of the accident was not identified as the one taken from Karp Motors; we find that the Avis manager testified that he went to a garage and identified the wrecked vehicle as the "same car" he had turned in to Karp Motors — "tag,

SA-713."

Turning next to the allegation that the "rightful property owner of said vehicle [was not produced] to testify in court," we find that the evidence was sufficient as to ownership of the vehicle taken. As our Supreme Court has observed, those who steal "will not be permitted to raise nice and delicate questions as to the title of the article stolen." *Thomas v. State,* 125 Ga. 286 (1) (54 SE 182). Avis Rent-A-Car had been in possession and control of the vehicle delivered to Karp Motors and this was sufficient. *Jackson v. State,* 15 Ga. App. 179, 180 (82 SE 771); *Lawrence v. State,* 26 Ga. App. 607 (1) (107 SE 621); *Norton v. State,* 73 Ga. App. 307 (1) (36 SE2d 120); *Shelton v. State,* 111 Ga. App. 351 (5) (141 SE2d 776) U. S. cert. den., 382 U. S. 917; *Gomez v. State,* 234 Ga. 614 (1) (216 SE2d 844).

We now reach the crux of the issue. Was there a fatal variance between the allegata and probata? We find no *fatal* variance. Our Supreme Court, in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801) adopted the rule of Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) on the issue of variance: " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense.' "

The accused in the instant case was informed that he was charged with taking a "Dodge automobile" on December 19. The parts and service director and shop foreman testified that they had a green over green, 1976 Dodge automobile, Georgia prestige license number SA-713, received from Avis, and it was taken without their permission. Thereafter, two police officers saw the defendant in possession of a "green over green Dodge Charger" bearing Georgia prestige license number SA-713. The Savannah manager of Avis testified that he carried a green over green motor vehicle of Avis to Karp Motors for repairs, bearing a Georgia prestige license number SA-713. He also identified the vehicle that had

been wrecked as the one he had taken to Karp Motors. The two police officers also went to the scene of the accident and saw that it was the vehicle bearing license SA-713, the same vehicle they had seen earlier in the possession of the defendant. This evidence is sufficient to prove that the defendant took the vehicle alleged in the indictment. The fact that the Avis manager placed a different name on the vehicle, which had been described by all other witnesses as alleged in the indictment, did not result in a *fatal* variance. The criterion is whether this variance misinformed or misled the defendant to his prejudice or leaves him subject to subsequent prosecution for the same offense. Russell v. United States, 369 U. S. 749, 763 (82 SC 1038, 8 LE2d 240); *DePalma v. State,* 225 Ga. 465, supra. We conclude that it did not. Not every variance in proof from that alleged in the indictment is fatal. See *DePalma v. State,* 225 Ga. 465, 469, supra; *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576); *Leachman v. State,* 132 Ga. App. 423, 425 (208 SE2d 196); *Burkett v. State,* 133 Ga. App. 728, 731 (212 SE2d 870); *Ingram v. State,* 137 Ga. App. 412, 414-415 (224 SE2d 527); *Sessions v. State,* 143 Ga. App. 395 (1) (238 SE2d 762). The defendant could not have been misled because he was indicted, tried, and convicted of the theft of a Dodge automobile. Neither is he subject to another trial for this offense. The criteria of Berger and *DePalma* have been met. There was no fatal variance. *Burkett v. State,* 133 Ga. App. 728, 733, supra; *Sessions v. State,* 143 Ga. App. 395 (1), supra; *Abercrombie v. State,* 145 Ga. App. 204 (243 SE2d 567).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED JANUARY 15, 1979 — DECIDED FEBRUARY 15, 1979.

*Adam P. Cerbone,* for appellant.
*Andrew J. Ryan, III, District Attorney, Kenneth R. Fielder, Assistant District Attorney,* for appellee.