## 62304. McNEIL v. THE STATE.

BANKE, Judge.

The appellant stands convicted of two counts of theft by deception pursuant to Code Ann. § 26-1803 (d), for selling automobiles while failing to disclose valid liens thereon. The alleged victim in both cases was the Fort Stewart Federal Credit Union.

The evidence at trial showed that appellant's practice was to purchase cars for his inventory and finance them through a "floor planning" arrangement with his local bank, recording a first lien in favor of the bank as security. Most of appellant's buyers were

servicemen from Fort Stewart, Georgia, who borrowed from the credit union to finance their car purchases. In the usual situation, after the appellant and the car buyer agreed upon a price, the appellant would complete a purchase order describing the transaction and the buyer would then apply for his loan at the credit union. If the loan were approved, the credit union would issue a check for the loan amount payable to appellant, and the buyer would pay the difference between the loan amount and the sales price as a "down payment."

In May of 1978, two used car purchase orders were written by appellant, one describing a 1975 Cadillac for $5,210.80, and the other a 1975 Buick priced at $3,650. The buyer of the Cadillac presented the appellant a credit union check for $4,125, and the buyer of the Buick presented a check for $2,800. As neither individual was able to provide the additional funds for the down payment, the appellant agreed to hold the cars for them. The credit union checks for these transactions were deposited in appellant's bank account and the funds used in his business. The floor plan liens in favor of the bank were not discharged, nor were liens on the automobiles ever entered in the credit union's favor. The appellant eventually went out of business without satisfying the liens in favor of the bank, and he never returned any of the money for the Cadillac or the Buick to the credit union.

On appeal the appellant enumerates as error the trial court's refusal to direct a verdict in his favor on the ground that the state failed to prove a "sale" as alleged in the indictment. *Held:*

1. Whether a variance between the allegation and proof is fatal depends upon its materiality. See generally *De Palma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969). In *De Palma,* the Georgia Supreme Court stated that the "true inquiry . . . is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense. Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1934)." Here the variance complained of did not deprive the appellant of those protections. It is unquestioned that the victim named in the indictments, the credit union, presented its checks to the appellant, who in turn deposited them in his account while failing to disclose the prior liens. The transactions were at that point sufficiently complete to conform to the allegations concerning "sale"

contained in the indictments. Applying the test approved in *De Palma,* we find that the appellant was sufficiently informed by the indictment of the charges against him and is protected against further prosecutions.

2. Appellant also enumerates as error the trial court's refusal to direct a verdict because the state failed to prove the intent to deceive. "After having reviewed the evidence in the light most favorable to the prosecution, this court concludes that any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1981.

*Ashley Royal,* for appellant.
*Dupont K. Cheney, District Attorney, Kenneth R. Carswell, C. Paul Rose, Assistant District Attorneys,* for appellee.