## 64413. HEFNER v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted in two counts for (1) burglary and (2) theft by receiving stolen property. He was tried and convicted of burglary. His motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

Defendant's sole enumeration of error is based on the ground that there was a fatal variance between the allegations of the indictment and the facts established by evidence at trial. The burglary count charged that he did unlawfully enter the dwelling house of another at a certain address. The state proved that particular dwelling was burglarized and certain property had been removed, including a television set and also a cable converter which was the property of a cable television company. It was immediately reported to the police and upon investigation it was determined that the defendant had pawned the television set at a local pawnshop. The defense offered by the defendant was that he had purchased the television set from another for a fee and then made a profit by pawning it for more than he had paid for it. The state's witness did

not testify in this instance that she was the wife of the owner but her testimony certainly discloses that she was a lawful occupant of the dwelling which was burglarized. As stated in *Murphy v. State,* 238 Ga. 725, 729 (234 SE2d 911), the state proved that the dwelling in question was entered without authority of the lawful occupant and items were stolen therefrom belonging to others. This was sufficient to allow the case to go to the jury. The state proved an illegal entry of a dwelling house; stolen articles were removed therefrom and same were traced to the defendant whose only defense was that he had purchased them from another. Based upon *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801), we do not find a fatal variance here as the defendant was definitely informed as to the charges against him so as to enable him to present his defense and not be taken by surprise by the evidence offered at trial and he was amply protected against another prosecution for the same offense with reference to this dwelling house on the named date. See in this connection *Dobbs v. State,* 235 Ga. 800, 802 (3) (221 SE2d 576), and cases cited therein.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 6, 1982 —
REHEARING DENIED DECEMBER 7, 1982 — ▮▮▮▮▮

*Larry W. Yarbrough,* for appellant.

*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.