### 74300. RAMSEY v. THE STATE.
(358 SE2d 902)

SOGNIER, Judge.

Ramsey appeals from his conviction of three counts of armed robbery, five counts of aggravated assault, and possession of a firearm during commission of a felony. (Appellant was acquitted of kidnapping.)

1. Appellant contends that the trial court erred by charging the jury that aggravated assault was not a lesser included offense of armed robbery. This issue arose when the jury, during its deliberations, asked the court several questions, including the following: "What is an assault? What is aggravated assault? . . . During the actual attempt of armed robbery, is that considered aggravated assault? . . ." In response to those questions, the court recharged the jury on the offenses of armed robbery and aggravated assault, and informed the jury that aggravated assault is not a lesser included offense of armed robbery. Appellant objected to this latter statement, arguing that if the jury believed his testimony, aggravated assault could be a lesser included offense.

To put this issue in proper perspective, a brief statement of the facts is necessary. The evidence disclosed that Randy Mitchell went outside his home, occupied by several members of the Mitchell family, to investigate why his dogs were barking. While checking the back of the house he was accosted by appellant, who was carrying a rifle and wearing a ski mask. Appellant forced Randy back inside the house, and then forced all occupants of the house into a bedroom. He ordered certain family members to tie up Randy Mitchell and Kenneth Daniel, the two adult males present. Appellant then made every-

one present take off their jewelry and give it to him. Kenneth then said he had some money in his pants in another bedroom and appellant sent one of the women present after the money. While appellant was trying to watch the woman going to the second bedroom and also watch the persons in the first bedroom, Kenneth was able to free himself. He jumped up, grabbed appellant's rifle, and a general free-for-all ensued, with several family members beating appellant and attempting to subdue him. The ski mask was pulled off during the struggle and appellant's rifle was taken from him. Randy Mitchell finally got a shotgun and shot appellant in the leg. The police were called and appellant was told to remain on the porch, but he walked to a nearby house and crawled under the porch, where he was apprehended. The jewelry taken from members of the Mitchell family was retrieved from appellant's pocket.

Appellant testified that earlier the same day he had given Kenny Mitchell $4,000 for the purchase of cocaine, and appellant went to the Mitchell home about 11:00 p.m. to get the cocaine. Randy Mitchell met appellant outside and said they did not have the cocaine and to come back later. Appellant got angry and said he wanted the cocaine or his money; Randy said he did not have either, and went in the house. Appellant then got the rifle from his car and followed Randy into the house. After an argument over the drugs, Kenny offered appellant the family jewels to keep until Kenny could get the drugs or get appellant's money back to him. According to appellant, after he picked up the jewelry and took the clip out of his gun, Kenny jumped up, grabbed the gun and the fight began.

Appellant argues that if the jury believed his testimony, aggravated assault would be a lesser offense of the armed robberies charged, and thus, the court's charge that aggravated assault was not a lesser offense was error. This argument is not well taken. Aggravated assault is not a lesser included offense of armed robbery as a matter of law, *State v. Hightower*, 252 Ga. 220, 222 (312 SE2d 610) (1984), although it may be included as a matter of fact. *Hambrick v. State*, 256 Ga. 148, 150 (4) (344 SE2d 639) (1986). The offenses of aggravated assault were charged as separate offenses, and taken in context, the court was informing the jury that aggravated assault was not a lesser included offense of the armed robberies charged, because any aggravated assaults were charged separately, and the jury should consider each charge separately. Since aggravated assault is not a lesser offense of armed robbery as a matter of law, and should not be included as a matter of fact when charged separately, the trial court's charge was correct. Further, where the evidence shows completion of the greater offense, as here, it is not necessary for the court to charge on a lesser included offense. *Hambrick v. State*, 174 Ga. App. 444, 447 (2) (330 SE2d 383) (1985). Accordingly, we find no error in the court's

recharge to the jury in response to its question.

2. Appellant asserts that the charges for aggravated assault upon Kenneth Daniel, Darlene Daniel and Audrey Mitchell merged with the charges of armed robbery of those individuals. We agree.

The armed robbery indictments alleged that appellant, with intent to commit theft, took certain items from the immediate presence of Kenneth Daniel, Darlene Daniel and Audrey Mitchell "by the use of a rifle, the same being an offensive weapon." The aggravated assault indictments alleged that appellant committed an assault upon the same three persons "with a rifle the same being a deadly weapon." Thus, appellant's pointing the rifle at these three individuals to effect the armed robbery is the act underlying appellant's convictions for both armed robbery and aggravated assault upon those individuals. Therefore, the three convictions of aggravated assault at issue merge with the armed robberies of those three persons and must be set aside. *Hambrick v. State*, 256 Ga. 148, 150 (4), supra.

Although the State argues that the assaults occurred *after* the armed robberies were completed, the State's own evidence disclosed that the robberies were still in progress when Kenneth Daniel freed himself, jumped up and grabbed appellant's rifle. Therefore, the convictions of aggravated assault upon Kenneth Daniel, Darlene Daniel and Audrey Mitchell must be set aside. Id.

*Judgment affirmed as to Counts 1, 2, 3, 5, 7 and 10. Judgment reversed as to Counts 6, 8 and 9. McMurray, P. J., concurs. Beasley, J., concurs in Division 2 and in judgment only in Division 1.*

### DECIDED JUNE 17, 1987.

*John O. Ellis, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Thomas S. Clegg, Barbara Conroy, Assistant District Attorneys*, for appellee.