A91A0052. GLASS v. THE STATE.
(405 SE2d 522)

BEASLEY, Judge.

Defendant appeals his convictions of two counts of armed robbery, OCGA § 16-8-41, and two counts of aggravated assault, OCGA § 16-5-21.

Defendant was indicted under two counts for robbing Pitts of his Georgia driver's license by use of a pistol, an offensive weapon, and for shooting him with a pistol; under another two counts defendant was charged with robbing Lambert of his Georgia driver's license by use of a pistol and with shooting at Lambert.

Construing the evidence in favor of the verdict, the following facts were adduced at trial. A car driven by Pitts, in which Lambert was a passenger, struck a truck driven by defendant. He immediately exited his vehicle, waving a pistol, demanded $1,500 and shot into the trunk of the Pitts vehicle. When the victims explained they did not have $1,500 but had insurance and would make sure he got the money, he demanded their driver's licenses. Pitts relinquished a Georgia driver's license but Lambert gave up only a Georgia identification card. Defendant marched them off at gunpoint after stating that "we're going to deathland," as related by Pitts. Lambert testified that defendant threatened them with "punish ground." Defendant began striking Pitts and Lambert fled. Defendant fired at Lambert, missed him, and then shot Pitts once in the chest and once in the leg. Lambert had someone call the police and defendant left the scene before they arrived. He was apprehended several months later.

1. Defendant contends there was a fatal variance between the allegations of the indictment and the proof at trial as to the armed robbery of Lambert because he was robbed of his Georgia identification card and not his driver's license. *Roberson v. State*, 187 Ga. App. 485, 487 (370 SE2d 661) (1988), and *Nesmith v. State*, 183 Ga. App. 529, 531 (359 SE2d 421) (1987), are cited for the proposition: "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance."

Under *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969), and *Dobbs v. State*, 235 Ga. 800 (3) (221 SE2d 576) (1976), "[n]ot every variance in proof from that alleged in the indictment is fatal." *Givens v. State*, 149 Ga. App. 83, 86 (253 SE2d 447) (1979). The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. *DePalma*, supra. Unless the variance subjects defendant to one of these dangers it is not fatal. See *Dobbs*, supra at 802, which noted that the fatal variance doctrine had previously been applied too restrictively.

The Supreme Court consistently and this court, in the main, have departed from overly technical application of the rule. The true inquiry is whether there has been such a variance as to "affect the substantial rights" of the accused. *Partridge v. State*, 187 Ga. App. 325, 327 (3) (370 SE2d 173) (1988); *Shackelford v. State*, 179 Ga. App. 595, 596 (347 SE2d 346) (1986). There was no fatal variance where the indictment described a shotgun as the weapon and the evidence revealed a pistol was used. *Jackson v. State*, 158 Ga. App. 702 (3) (282 SE2d 181) (1981); *Brawner v. State*, 81 Ga. App. 163, 166 (3) (58 SE2d 238) (1950). In armed robbery cases, a variation which concerns a description of or the amount of stolen property is not fatal. *Maxey*

*v. State*, 159 Ga. App. 503, 504 (284 SE2d 23) (1981).

Glass sought the victim's driver's license and obtained his identification card. Defendant had notice of the charges against him and was not surprised nor prevented from preparing his defense. There was no danger that he would be placed in jeopardy twice for the same offense. *Fatal* variance is absent. The proof of defendant's actions, that is, the manner of gaining the misdescribed document, did not vary from the charge.

2. Defendant contends that the aggravated assault of each victim merged with the armed robbery of each because a crime is included if it "is established by proof of the same or less than all the facts . . . required to establish the commission of the crime charged." OCGA § 16-1-6 (1).

Aggravated assault is not a lesser included offense of armed robbery as a matter of law, *State v. Hightower*, 252 Ga. 220, 222 (312 SE2d 610) (1984), but may be included as matter of fact. *Hambrick v. State*, 256 Ga. 148, 150 (4) (344 SE2d 639) (1986). As to the latter, defendant relies upon *Ramsey v. State*, 183 Ga. App. 344 (358 SE2d 902) (1987), where the aggravated assault was committed while the robbery was "still in progress."

Glass' robberies were completed, both victims having been deprived of their property, when they were marched off for another criminal purpose. Then the aggravated assault on each victim occurred. The offenses did not merge as a matter of fact. *Smith v. State*, 258 Ga. 181, 183 (4) (366 SE2d 763) (1988); *Harvey v. State*, 233 Ga. 41, 42 (1) (209 SE2d 587) (1974); *Loumakis v. State*, 179 Ga. App. 294, 297 (3) (346 SE2d 373); *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981). See *Millines v. State*, 188 Ga. App. 655, 656 (1) (373 SE2d 838) (1988).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 9, 1991.

*Donna L. Avans*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John G. Isom, Richard E. Hicks, Assistant District Attorneys*, for appellee.