## S92A0611. BATTLES v. THE STATE.
### (420 SE2d 303)

Bell, Presiding Justice.

The appellant, Joseph Battles, was found guilty of the felony murder and aggravated assault of Eric Williams.[1] Because aggravated assault was charged as the underlying felony for felony murder, the trial court only sentenced Battles for felony murder (to life in prison). Battles appeals, contending that the trial court erred by, Battles alleges, instructing the jury that Battles could receive a probated sentence if the jury convicted him of murder; that we should adopt the merger rule, which precludes the use of aggravated assault as the underlying felony for felony murder, and thus reverse his felony murder conviction; that the court erred in failing to grant a mistrial after one of the state's witnesses allegedly put his character into issue; that there was a fatal variance between the indictment, which alleged that a wrench was the murder weapon, and testimony showing the murder weapon to be a pistol; that the court erred by failing to charge the jury on involuntary manslaughter and justification; and that the court erred in admitting into evidence a photograph of the victim. We affirm.

Battles' former girl friend had become involved in a relationship with Williams. Battles visited his former girl friend at 1:00 a.m. on the morning of the murder. He was irritated when he left the house. He then proceeded to a night club a few blocks away, where Williams was present. The manager of the night club testified that he had been talking to Williams for several minutes at the back of the club when

---

[1] The crime occurred on July 12, 1991. Battles was indicted on September 9, 1991. He was convicted and sentenced on November 5, 1991. He was sentenced to life in prison for the felony murder conviction. Battles filed his notice of appeal on November 21, 1991. The court reporter certified the transcript on February 10, 1992, and the case was docketed in this court on February 21, 1992. The appeal was submitted for decision without oral arguments on April 3, 1992.

he saw Battles approach and stop by a telephone about 10 to 15 feet behind Williams. The manager testified that Battles stood around for several minutes and then approached Williams quickly from behind and struck Williams in the back of the head with a gun. Battles stood over Williams, and according to the manager said, "Now, you ain't so bad," and fled the scene. The victim died from the blow to the head.

Battles made a statement to police that was introduced into evidence at trial. Battles told police that Williams confronted him at the club and asked him why he had beaten up Williams' girl friend (Battles' former girl friend). According to Battles, he and Williams "had words" and Williams kicked him in the leg, after which Williams walked to the back of the club to see the manager. Battles stated that he immediately followed Williams to the back of the club and struck him in the head with a wrench that had black tape around its handle. Battles told police where he discarded the wrench, and at that location police recovered a wrench matching the description. No gun was found by the police.

1. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Battles guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During defense counsel's opening statement, he said that "punishment" was an issue at trial for the jury. The state objected, and the trial court instructed the jury that, if Battles was convicted, any punishment would be the court's decision; that "in most trials [punishment] can be anything from two minutes worth of probation right up to the maximum prescribed for that particular offense, whatever it is"; and that the jury was concerned only with whether Battles was guilty of a crime.

On appeal Battles contends that, although the trial court properly instructed the jury that the question of punishment was solely for the court, the court's instruction erroneously implied to the jury that Battles could receive a sentence of probation if convicted of malice murder or felony murder. We disagree. The court's instruction did not intimate that the court could sentence Battles to probation if convicted of malice murder or felony murder. Instead, the court instructed the jury that generally in criminal cases there was a range of potential punishments depending on the particular offense. Such generalized instructions concerning punishment have been held not to be erroneous. See *United States v. Cox*, 696 F2d 1294, 1298 (8) (11th Cir. 1983), cert. denied, 464 U. S. 827 (1984). Moreover, the Court did not intimate that Battles, if he was convicted, might not be required "to suffer the full penalty imposed by the court" because of pardon, parole, probation, or clemency of any nature. OCGA § 17-8-76 (a). Compare with *Quick v. State*, 256 Ga. 780, 785-787 (9) (353 SE2d

497) (1987); *Cash v. State*, 231 Ga. 285, 286 (5) (201 SE2d 625) (1973). For the foregoing reasons, we find no error in the trial court's instruction.

3. In his second enumeration of error Battles urges this Court to adopt the merger rule, which would preclude his conviction for felony murder based on the aggravated assault of the victim. We decline to do so. In *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), we decided not to adopt the merger rule in full but to adopt a modified merger rule instead. Moreover, since *Edge* we have declined one opportunity to adopt the merger rule in full. *Witherspoon v. State*, 262 Ga. 2, 2-3 (3) (412 SE2d 829) (1992). We now again reaffirm our decision not to adopt the merger rule in full.

4. In his third enumeration of error, Battles contends that the trial court erred in permitting the police detective who read Battles' statement to the jury to testify that Battles stated that Williams asked Battles why Battles had beaten up Williams' girl friend. Battles claims that the reference to beating up Williams' girl friend impermissibly placed his character in issue. We disagree. See *Burke v. State*, 248 Ga. 124, 125-126 (3) (281 SE2d 607) (1981).

5. In his fourth enumeration of error, Battles contends that there was a fatal variance between the state's allegation that Battles struck the victim with a wrench and the testimony at trial that Battles struck the victim with a gun. Assuming that a variance does exist (there was evidence that a wrench was used), we find that the variance is not fatal.

> Under *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969), and *Dobbs v. State*, 235 Ga. 800 (3) (221 SE2d 576) (1976), "[n]ot every variance in proof from that alleged in the indictment is fatal." *Givens v. State*, 149 Ga. App. 83, 86 (253 SE2d 447) (1979). The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. *DePalma*, supra. Unless the variance subjects defendant to one of these dangers it is not fatal. [*Glass v. State*, 199 Ga. App. 530, 531 (1) (405 SE2d 522) (1991).]

Accord *McCrary v. State*, 252 Ga. 521, 523 (314 SE2d 662) (1984).

Here, because the indictment charged Battles with killing the victim by striking him on the head, and because a wrench and gun produce similar injuries when used as blunt objects to strike someone on the head, we believe Battles was sufficiently informed of the charges

against him so that he could prepare a defense.[2] Moreover, there was no danger that Battles would be prosecuted again for the same offense. For these reasons, we conclude there was no fatal variance. *Glass*, supra, 199 Ga. App. at 531-532.

6. Contrary to Battles' fifth and sixth enumerations of error, we conclude that the trial court did not err in refusing to charge on self-defense or on misdemeanor involuntary manslaughter.

7. In his seventh enumeration of error, Battles contends the trial court erred in admitting into evidence a photograph of the victim's body at the crime scene. We find no error. *Sanders v. State*, 257 Ga. 239, 242 (4) (357 SE2d 66) (1987).

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED SEPTEMBER 11, 1992.

*Samuel F. Greneker*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney*, for appellee.

*Dodd & Turner, Roger J. Dodd*, amicus curiae.

---

[2] Additionally, we note that, either from an examination of the state's file or from his own investigation, Battles knew before trial that other witnesses had said that Battles struck the victim with a gun.