A94A2166. COLE v. THE STATE.
(453 SE2d 495)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with one count of robbery by sudden snatching and one count of aggravated assault. The evidence adduced at his jury trial showed that the victim was accosted at night in a supermarket parking lot. The robber "approached [the victim] at the back of [her] car and said give me that pocket book. [The victim] said, no." The robber "reached around [her] and [the victim] put it between [herself] and the car and . . . wrapped it around [her]

two fingers. . . . [She] was holding on with all [her] might and he kept pulling until he drug me down on the ground." The robber kicked her in the ribs. Then the "rings came loose [from the purse] and he started to run." As the robber fled with the purse, the victim saw that he had on dark trousers and a dark printed shirt. "He was small built, not real big, [and] was slim built." About that time, as Christopher Lee Gordon was driving towards the shopping center that night, Mr. Gordon saw a man "running towards a car that was parked on the side of the building. . . ." The runner "was close to six foot tall, about the same build as [Mr. Gordon], about near 170 pounds. And, he had some dark colored pants on and he had like a black T-shirt with a print across it. . . ." The runner "got in the passenger side of the car and then the car sped off around the back." Mr. Gordon memorized the tag number of this car and gave a description of the runner to Detective Timothy Ferguson of the Lake City Police Department. Detective Ferguson created a photographic lineup of "known acquaintances of [the owner of the vehicle], . . . from which Mr. Gordon identified [defendant]."

The jury returned guilty verdicts as to each count. At sentencing, the aggravated assault charge, "Count II [was] [m]erged by [the] Court with Count I," the robbery by sudden snatching. This appeal followed the denial of defendant's motion for trial. *Held*:

1. Defendant first enumerates the admission into evidence of the circumstances of his 1983 guilty plea to robbery from Illinois, arguing that the prior offense "was not similar nor admissible for a proper purpose."

At the hearing mandated by Uniform Superior Court Rule 31.3 (B), the State introduced the victim of the prior robbery, Mr. Hollis Henderson. Mr. Henderson was about to enter his delivery truck when defendant approached him and asked for some potato chips. Mr. Henderson replied that he had none. Defendant walked away, only to return moments later and demand Mr. Henderson's money pouch at gunpoint. "[H]e had the pistol there and said he'd blow my brains out if I didn't give him the money." Mr. Henderson complied and defendant fled. Defendant subsequently pled guilty to a charge of "Robbery . . . [as a] lesser included offense."

The State argued that, "but for one having a gun and the other one not having a gun, [the 1983 Illinois armed robbery is] identical . . ." to the (unarmed) robbery by sudden snatching and assault with intent to rob alleged in the case sub judice. As evidence of defendant's modus operandi, the State relied on the following similarities: The attacks occurred after dark in a parking lot near a business; the victims were individuals and not groups; the attacker used superior force, namely a gun against a man and his own force against a woman; the attacker made a verbal demand for the item first, followed by a

threat of force if the victim does not comply; the attacker fled after obtaining the item; in "each case he ran behind [a] building . . . to a waiting car . . . [;]" and both victims were standing by their vehicles which "prevented their escape route[.]" The trial court determined that this evidence was admissible as tending "to show the identity, the course of conduct, and bent of mind of this defendant in this case."

"Independent crimes are admissible to show motive, intent, plan, identity, bent of mind or course of conduct. In order for [any] independent acts to be admissible it must be shown that the defendant was the perpetrator of the independent crime and that there is sufficient similarity of the former independent crime that it tends to prove the latter crime. *Dudley v. State,* 179 Ga. App. 252 (4) (345 SE2d 888) (1986)." *Weathersby v. State,* 262 Ga. 126, 127 (2) (414 SE2d 200). "While Uniform Superior Court Rule 31.3 speaks of 'similar' transactions, the issue of admissibility of extrinsic transactions has never been one of 'mere similarity.' *Williams v. State,* 251 Ga. 749, 784 (312 SE2d 40) (1983). It is, rather, 'relevance to the issues in the trial of the case.' [Cit.]" *Brockman v. State,* 263 Ga. 637, 639 (3), 640 (436 SE2d 316).

In the case sub judice, the trial court's reasoning that defendant's prior guilty plea was admissible to prove the identity of the perpetrator was erroneous. " '[A] much greater degree of similarity between the charged crime and the uncharged crime is required when the evidence of the other crime is introduced to prove identity than when it is introduced to prove a state of mind.' " Strong, McCormick on Evidence, p. 808, § 190 (9), fn. 45 (4th ed. 1992). "Much more is demanded than the mere repeated commission of crimes of the same class, such as repeated murders, robberies, or rapes. The pattern and characteristics of the crimes must be so unusual and distinctive as to be like a signature." Strong, McCormick on Evidence, pp. 801-803, § 190 (3), supra. Defendant's sole prior act of armed robbery was not " 'so nearly identical in method so as to earmark [both the prior act and this offense] as the handiwork of the accused.' [Cit.]" *Felker v. State,* 252 Ga. 351, 359 (1) (a), 360 (314 SE2d 621). Nor is it "in the nature of a signature and thus is some evidence of the identity of the perpetrator. . . ." *Shaw v. State,* 211 Ga. App. 647 (1), 648 (440 SE2d 245). Nevertheless, defendant's prior guilty plea to robbery was substantially relevant for the appropriate limited purpose of showing his specific intent to rob, in aggravation of the alleged assault. *Evans v. State,* 209 Ga. App. 606, 607 (2) (434 SE2d 148). Consequently, the trial court did not err in admitting the similar transaction evidence for the proper purpose of showing intent through course of conduct. *Jones v. State,* 158 Ga. App. 585 (2) (281 SE2d 329).

2. In related enumerations, defendant contends the trial court

erred in denying his motion for new trial on the general grounds. He argues that the undisputed evidence of force employed to obtain the victim's purse amounts to a fatal variance and precludes his conviction for robbery by snatching.

" 'Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. . . .' " *Denson v. State*, 212 Ga. App. 883 (2), 884 (443 SE2d 300). " 'Under *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969), and *Dobbs v. State*, 235 Ga. 800 (3) (221 SE2d 576) (1976), "(n)ot every variance in proof from that alleged in the indictment is fatal." *Givens v. State*, 149 Ga. App. 83, 86 (253 SE2d 447) (1979). The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. *DePalma*, supra. Unless the variance subjects defendant to one of these dangers it is not fatal. (*Glass v. State*, 199 Ga. App. 530, 531 (1) (405 SE2d 522) (1991).)' " *Battles v. State*, 262 Ga. 415, 417 (5) (420 SE2d 303).

In the case sub judice, the evidence adduced at trial shows robbery by sudden snatching (see *King v. State*, 214 Ga. App. 311 (1) (447 SE2d 645)) even though the victim resisted and defendant employed violence. Compare *Brown v. State*, 214 Ga. App. 733 (1) (449 SE2d 136). Any variance between the allegata and the probata was immaterial in this instance. Defendant "was sufficiently informed of the charges against him so that he could prepare a defense. Moreover, there was no danger that [defendant] would be prosecuted again for the same offense. For these reasons, we conclude there was no fatal variance. *Glass* [*v. State*], 199 Ga. App. at 531-532[, supra]." *Battles v. State*, 262 Ga. 415, 417 (5), supra. The evidence was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of robbery by sudden snatching in violation of OCGA § 16-8-40 (a) (3), as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *King v. State*, 214 Ga. App. 311 (1), supra.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED DECEMBER 29, 1994 —
RECONSIDERATION DENIED JANUARY 13, 1995 — ▮▮▮▮▮▮

*Richard D. Hobbs*, for appellant.
*Robert E. Keller*, District Attorney, *Gina C. Naugle*, Assistant

*District Attorney,* for appellee.