## A98A1141. PARKER v. THE STATE.
(505 SE2d 784)

McMURRAY, Presiding Judge.

Defendant was charged with four counts of aggravated assault, two counts of reckless conduct, and one count of discharging a firearm near a public road. The evidence adduced at a jury trial reveals that defendant fired a .38 caliber handgun at a car driven by Eric Atwater and occupied by Ryan Quiller, Calvin Harris, and Alonzo Ellison. The bullet missed the victims' car, crossed a playground, and lodged in a double-paned window of the home of Frank and Sara Sanders. The Sanderses' five-year-old son, Joshua, was playing near this window when the shot was fired.

The jury found defendant guilty of the crimes charged. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant challenges his aggravated assault and reckless conduct convictions, arguing that "there [is] no evidence to establish that [these offenses] were committed as specifically alleged in the indictment."

" ' "Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. . . ." ' " *Denson v. State*, 212 Ga. App. 883 (2), 884 (443 SE2d 300). ' "Under *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969), and *Dobbs v. State*, 235 Ga. 800 (3)

(221 SE2d 576) (1976), '(n)ot every variance in proof from that alleged in the indictment is fatal.' *Givens v. State*, 149 Ga. App. 83, 86 (253 SE2d 447) (1979). The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. *DePalma*, supra. Unless the variance subjects defendant to one of these dangers it is not fatal. (*Glass v. State*, 199 Ga. App. 530, 531 (1) (405 SE2d 522) (1991).)" ' *Battles v. State*, 262 Ga. 415, 417 (5) (420 SE2d 303)." *Cole v. State*, 216 Ga. App. 68, 70 (2), 71 (453 SE2d 495).

In the case sub judice, Counts 1-4 of the indictment charge defendant with aggravated assault in that he "did unlawfully make an assault . . . by shooting at a moving vehicle occupied by [Eric Atwater, Ryan Quiller, Calvin Harris, and Alonzo Ellison]." Count 5 of the indictment charges defendant with reckless conduct in that he did endanger Joshua Sanders while this victim "was standing outside [his] home." Count 6 of the indictment charges defendant with reckless conduct in that he did "endanger the . . . children on a playground." Count 7 of the indictment charges defendant with discharging a "gun within 50 yards of a public road. . . ."

Quiller and Harris testified that defendant fired a handgun at the car in which they were passengers. Sara Sanders testified that she heard this gun fire and that she later discovered a bullet in her home's double-paned window. Ms. Sanders explained that her five-year-old son, Joshua, was playing next to the window when this shot was fired. Sergeant Tommy Lyons of the City of Thomaston Police Department explained at trial that he investigated the shooting. His testimony reveals that a playground is located between where defendant fired the handgun and where the gun's bullet lodged in the Sanderses' double-paned window. Quiller's testimony reveals that defendant fired the gun in the presence of Telly Wyche and another "boy." Marie Walker's testimony indicates that she witnessed the shooting and that she observed defendant standing with another boy in her backyard near a clothesline. Sergeant Lyons explained that this clothesline is in a yard adjoining a playground. Defendant denied shooting the handgun, but explained that Wyche shot a pistol while running across this playground. This evidence authorizes the jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated assault as alleged in Counts 1-4 of the indictment and reckless conduct as alleged in Counts 5-6 of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Defendant's contention that Joshua Sanders was playing inside the Sanderses' home, rather than outside his home as alleged in Count 5 of the indictment, is not a fatal variance between the allegata and probata. Count 5 of the indictment charging defendant with endangering Joshua Sand-

ers' safety sufficiently notified defendant of the charged offense so that he was able to present a defense and protected defendant against another prosecution for the same offense. *Cole*, supra, 216 Ga. App. at 70 (2), 71.

2. Defendant challenges his conviction for discharging a firearm near a public road, arguing that "there is no evidence that the firearm was fired within fifty yards of the public road. . . ." "An essential element of OCGA § 16-11-103 is proof that the accused discharged the weapon within 50 yards of a public highway or street." *Hawkins v. State*, 262 Ga. 193, 194 (3) (415 SE2d 636). Walker testified, in the case sub judice, that defendant fired the gun from "right there at . . . the clothesline[.]" And Sergeant Lyons testified that he measured the distance from this clothesline to the street "right at fifty yards." This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of discharging a firearm within 50 yards of a public road. *Jackson*, supra, 443 U. S. at 307.

3. Defendant's fifth enumeration of error provides as follows: "The trial court abused its discretion in failing to grant the motion for mistrial made after the state elicited testimony from [Sergeant] Tommy Lyons interjecting a hearsay statement of the victim, Eric Atwater, which hearsay statement inculpated [defendant] and identified [defendant] as the perpetrator." This enumeration of error is without merit.

"[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717). Atwater testified at trial in the case sub judice that defendant was not the shooter, but admitted on cross-examination that he informed Sergeant Lyons during custodial questioning that defendant shot a handgun at the car Atwater was driving. Sergeant Lyons testified and provided the substance of Atwater's prior inconsistent statement. This testimony was admissible as substantive evidence under *Gibbons* to prove that defendant committed the crimes charged. Accordingly, the trial court did not err in denying defendant's motion for a mistrial.

4. Sergeant Lyons testified that defendant identified Albert Campbell as an alibi witness. Sergeant Lyons testified that he interviewed Campbell and that Campbell "did [not] lend any credibility to [defendant's] statement[.]" Defendant argues that this was inadmissible opinion testimony. We do not agree. The trial transcript reveals that Sergeant Lyons was not giving an opinion as to Campbell's veracity, but was testifying that Campbell did not provide an alibi for defendant. The trial court, therefore, did not err in denying defend-

ant's motion for mistrial.

5. Defendant contends the trial court erred in "failing to permit [his] attorney to cross-examine [Ryan Quiller] about some pending criminal charges against [Quiller], in order to establish possible bias and prejudice toward the state in his testimony." We agree.

As in *Byrd v. State*, 262 Ga. 426 (420 SE2d 748), the trial court in the case sub judice erred in failing to allow defendant to cross-examine Quiller about pending criminal charges against this witness. Nonetheless, we find this error harmless beyond a reasonable doubt because another eyewitness (Harris) testified that defendant discharged a handgun toward the victims, corroborating Quiller's testimony that defendant was the shooter. See *Byrd*, supra, 262 Ga. at 428.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 10, 1998 —
RECONSIDERATION DENIED AUGUST 28, 1998.

*William A. Adams, Jr.*, for appellant.
*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.