## A91A0172. MARSHALL v. THE STATE.
(405 SE2d 893)

BIRDSONG, Presiding Judge.

Mark Marshall III appeals his conviction of theft by shoplifting by taking one set of Charisma queen-size flat sheets, with a value greater than $100 from a department store. He contends that the trial court erroneously denied his motion for a directed verdict because of a fatal variance between the allegation and the proof and also because of the lack of State's evidence, a conflict in the State's evidence, and the evidence is contrary to law and the principles of justice and equity. Marshall also alleges that the trial court erred by giving a charge on impeachment of a witness through prior inconsistent statements. *Held*:

1. (a) Regarding Marshall's allegations concerning his motion for a directed verdict, such a motion should only be granted when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125, 127 (312 SE2d 311). In reviewing the trial court's decision, an appellate court may consider all the evidence presented (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)) and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436).

Review of the evidence in this manner reveals that Marshall entered the store, took the sheet from display, took it to a check-out counter where he claimed that the sheet was a Christmas gift and asked for and obtained a refund slip from the sales clerk. Although Marshall asserts that there was a conflict in the testimony of the State's two chief witnesses, we find none as their testimony is compatible. As there is ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Marshall was guilty of the offense charged (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)), we find that the trial court did not err by denying Marshall's motion because of any alleged evidentiary deficiency.

(b) Further, Marshall's claim that his motion was erroneously denied because of a fatal variance between the indictment that alleged he took a "set" of sheets valued at over $100 and the proof that showed that he took one sheet valued at over $100 is without merit. A "set" of sheets of necessity includes at least "one" sheet. Assuming without deciding that "one" does not constitute a "set," nevertheless, we find no fatal variance between the indictment and the proof. " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the

evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' " *DePalma v. State*, 225 Ga. 465, 469-470 (169 SE2d 801). Here the only difference between the indictment and the proof was that the package of sheets that the jury found Marshall guilty of taking contained one rather than more than one sheet. The date, place, owner, brand name, and value were all the same. Most significantly, there was no difference between the offense alleged and proven or in the manner in which it was alleged to have been committed. See *Hamby v. State*, 76 Ga. App. 549, 554 (46 SE2d 615). Thus, there was no variance in a necessary fact. See *Bell v. State*, 227 Ga. 800, 802 (183 SE2d 357). Under these circumstances we find no fatal variance. See *DePalma v. State*, supra. Accordingly, the trial court did not err by denying appellant's motion for a directed verdict on either basis alleged.

2. Finally, Marshall asserts that the trial court erred by giving a charge on impeachment through a prior inconsistent statement because he alleges that the inconsistencies in his statements concerned a collateral issue. See *Strickland v. State*, 166 Ga. App. 702 (305 SE2d 434). The inconsistencies in question were between the sales clerk's testimony that Marshall told her that his mother had given him the sheet as a Christmas present and Marshall's testimony that he bought the sheet himself at another one of the store's locations with money given him by his mother. The significance of the testimony is that Marshall's mother could not have purchased the sheet at this store as a Christmas present because the store started carrying the sheet only after Christmas. Thus, the testimony did not concern a wholly immaterial matter, and the charge was warranted by the evidence. OCGA § 24-9-82; *Strickland*, supra.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 8, 1991.

*Michael S. Weldon*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.