## A91A1055. ANDREWS v. THE STATE.
(411 SE2d 52)

BEASLEY, Judge.

Appellant, Gregory Andrews, was convicted of armed robbery. OCGA § 16-8-41. Pursuant to an order of the Georgia Supreme Court, a petition for habeas corpus filed by him was denied, but he was granted the right to file the present out-of-time appeal.

Meda Ruth Green was working at the G & R Grocery Store in Spalding County on the morning of December 17, 1987. Appellant came into the store on two occasions. The first time, he was in the store for about four to five minutes. The second time, he spent approximately ten minutes in the store before robbing Green with a knife, tying her up, and running out of the store. She quickly freed

herself, followed him out of the store and saw him enter a dark-blue station wagon with the word Chevrolet written across the windshield in white letters.

She alerted the sheriff's department and described the robber, his clothing, and his car. A lookout was posted. Within the hour, appellant was apprehended and transported back to the store. He was exhibited to Green while standing handcuffed outside the patrol car.

She testified that, although he had changed his jacket and hat after robbing the store, there was no question in her mind that appellant was the man who had robbed her. She described the man who had robbed her as having a moustache, being approximately 5′6″ to 5′7″ in height, and wearing a tan suede jacket and a stocking-type cap. She also testified that she had given appellant a large amount of silver coins but no pennies. When arrested, he had many coins in his pocket.

1. Appellant contends that the trial court erred in denying his motion to suppress the testimony relating to the identification of him by the victim at the pretrial showup, as well as her in-court identification testimony.

The practice of showing suspects singly to a witness for identification purposes has been widely condemned. *Daniel v. State*, 150 Ga. App. 798 (1) (258 SE2d 604) (1979). "However, our appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense. [Cits.]" *Arnold v. State*, 155 Ga. App. 782, 783 (1) (272 SE2d 751) (1980).

The showup to Green was reasonably and fairly conducted shortly after the offense and at its location. When the robber was in the store, the victim had ample opportunity to view him in a lighted area. As shown by her accurate description of him, her degree of attention was well focused. She confidently identified appellant as the robber. The length of time between the crime and the showup was less than an hour. The trial court did not err in admitting the pretrial and in-court identification of appellant by the victim. See *Duck v. State*, 250 Ga. 592, 596 (3) (300 SE2d 121) (1983); *McCounly v. State*, 191 Ga. App. 266 (2) (381 SE2d 552) (1989). *Daniel v. State*, supra, states the four factors to be primarily considered. Focusing on opportunity, degree of attention, accuracy of description, and certainty, there was not a substantial likelihood of an in-court misidentification. *Neil v. Biggers*, 409 U. S. 188, 199-200 (93 SC 375, 34 LE2d 401) (1972).

2. Appellant also contends that the trial court erred in its charge to the jury on reasonable doubt.

Appellant complains about the italicized portion of the charge, "And a reasonable doubt is not a conjectural doubt, it is not a fanciful

doubt, it is not an imaginative doubt, *neither does it mean a possibility that the accused may be innocent*; but as I've just said to you, ladies and gentlemen, it means a doubt that is founded upon reason and leaves your minds hesitating, unsettled, and undecided."

Although it is not part of the superior court's suggested pattern criminal charges, a challenge to this language was rejected in *Williams v. State*, 210 Ga. 207, 208 (1) (78 SE2d 521) (1953), and *Deering v. State*, 123 Ga. App. 223 (3) (180 SE2d 245) (1971). Giving it did not invade the province of the jury or shift the burden of proof, as appellant argues. No error was committed.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DISMISSED SEPTEMBER 27, 1991 — 

*Mullens, Whalen & Shepherd, Samuel H. Sullivan*, for appellant.

Gregory Andrews, *pro se.*

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.

