## A92A0822. JACKSON v. THE STATE.
### (421 SE2d 119)

POPE, Judge.

Anthony P. Jackson was indicted on four counts of burglary. He pled guilty to Count 1 of breaking into an office building and stealing money from a candy machine. Count 2 charged him with breaking into a community service center and taking money from a soft drink machine. Counts 3 and 4 accused him of breaking into the laundry room of an apartment complex on two occasions and taking money from coin operated washers and dryers. Prior to trial the State notified defendant it planned to submit similar transaction evidence of a misdemeanor theft by taking conviction in 1987. In that case, Jackson pled guilty to taking coins from the same machines at the same apartment complex laundromat which formed the basis for Counts 3 and 4 of his indictment. Jackson filed a motion for severance seeking separate trials on each count, or alternatively to allow Counts 3 and 4 to be tried separately from Counts 1 and 2. The motions were denied. At trial, a motion for directed verdict of acquittal was granted on Counts 3 and 4 but denied as to Count 2. Jackson was found guilty on Count 2. He appeals his conviction on that count, contending there was insufficient evidence to prove his guilt. He also alleges the trial court erred in refusing to grant his motion to sever and by allowing the similar transaction into evidence over his objection.

1. In determining whether the evidence was sufficient for the trial court to deny a motion for directed verdict as to Count 2, it must be examined in the light most favorable to the verdict. *Marshall v. State,* 199 Ga. App. 678 (1) (a) (405 SE2d 893) (1991). " 'The direction of a verdict of acquittal is proper only where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal." (Cits.) If there is any evidence of guilt, it is for the jury, rather than the court, to decide whether the evidence is sufficient to sustain a conviction. (Cit.)' [Cit.]" *Hall v. State,* 200 Ga. App. 244, 245 (407 SE2d 470) (1991).

The State presented evidence that over the weekend of June 23, 1990, a window was broken in the back of the community service center and a drink machine was broken into. The community center was located two blocks away from the laundry room in the apartment complex, which had been burglarized twice before on May 14 and June 16. The light above the food and drink machines had been broken and there was blood on the glass. When defendant was arrested as a suspect three days later he had a fresh cut on the knuckle of his right hand. A blood enzyme test was conducted which showed that the blood type found on the glass was the same as that of the defendant. The State presented a witness from the State Crime Lab who testified that approximately 1.4 percent of the general population, or 14 people in 1,000, possessed that blood profile.

A witness who worked at a neighborhood convenience store testified that on three occasions, one of them a week to two weeks after the June 23 burglary, defendant had asked him to exchange currency for his coins. The first time defendant had about $40 in quarters. On the other occasions, the store clerk did not accept the change. After the third occasion, the store clerk notified the police of his suspicions that the defendant was involved with the coin burglaries in the neighborhood. The State also introduced in evidence the defendant's prior conviction for theft by taking coins from the laundry room of the same apartment complex.

This evidence showed a common plan to burglarize places within the neighborhood in which coin operated machines were located. Defendant acted alone and operated similarly in each case. "This evidence was sufficient to allow a jury to conclude that the State had carried its burden of negating all other reasonable hypotheses and to authorize appellant's conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). [Cit.]" *Ross v. State*, 199 Ga. App. 767, 768 (1) (406 SE2d 101) (1991). Accord *Mays v. State*, 198 Ga. App. 402 (3) (401 SE2d 597) (1991).

2. Defendant contends that severance is mandatory if the defendant moves therefor when two or more offenses are joined only because they are of the same or similar character. "However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the sound discretion of the trial judge since the facts in each case are likely to be unique. In determining whether severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense, the court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. Where the modus operandi of the perpetrator is so strikingly alike that it demonstrates

and designates the defendant as the common perpetrator, the offenses may be joined, subject to the right of the defendant to a severance in the interests of justice." (Citations and punctuation omitted.) *Woolfolk v. State*, 202 Ga. App. 59, 61 (5) (413 SE2d 242) (1991). Accord *Carroll v. State*, 199 Ga. App. 8 (403 SE2d 875) (1991).

Since defendant pled guilty to Count 1 and a directed verdict of acquittal was granted as to Counts 3 and 4, there was no showing of a confusing number of offenses or complexity of the evidence, or of harm or prejudice which might have been avoided by severing the counts for trial, to authorize a finding of abuse of discretion. Cf. *Williams v. State*, 178 Ga. App. 581 (2) (344 SE2d 247) (1986). The separate instances met the requirements of similar offenses and thus the trial court did not err in allowing them to be tried together. *Smith v. State*, 199 Ga. App. 410 (1) (405 SE2d 107) (1991).

3. Nor does the admission of the similar transaction evidence demand reversal, as asserted. " '(T)he (rule allowing the admission of similar transaction evidence) is usually applied more liberally with "evidence of prior attempts by the accused to commit the same crime upon the same victim of the offense for which he stands charged. . . ." (Cits.)' " *Parcell v. State*, 198 Ga. App. 439 (1) (401 SE2d 628) (1991). Accord *Emory v. State*, 260 Ga. 814 (3) (b) (400 SE2d 625) (1991). The evidence here showed that defendant had previously burglarized the coin operated machines in the laundry room of the apartment complex, and was properly admitted in connection with the two counts of burglary of the same laundry room. However, after the trial judge directed a verdict on these two counts, he instructed the jury at length not to consider any evidence concerning the other charges during their deliberations on Count 2. Defendant neither objected that the jury instructions did not cure the problem nor sought any other remedy from the court; therefore, he is deemed to have acquiesced in the instructions given as adequate to redress any error. " 'No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal.' [Cit.]" *Boatright v. State*, 192 Ga. App. 112, 116 (5) (385 SE2d 298) (1989). We find no grounds for reversal.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

Decided July 13, 1992.

*H. Bradford Morris, Jr.,* for appellant.
*C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney,* for appellee.