A93A0359. CONEY v. THE STATE.
(432 SE2d 812)

BLACKBURN, Judge.

The appellant, Demetrius Coney, was convicted of armed robbery and aggravated assault, for which he was sentenced to ten years' imprisonment on each count. This appeal follows the denial of his motion for new trial.

At the trial, the victim testified that she and Coney had attended the same local college, and that during the 1990 school year they had developed a relationship. About one week before the incident in question, she informed Coney that she wanted to end the relationship but remain friends. Two days before the incident, she refused to lend Coney money to pay a traffic fine.

On March 18, 1991, Coney offered to drive the victim home from school, and the victim accepted the invitation. (The victim used canes to assist her walking, because of residual effects of a long-standing kidney dysfunction.) When they arrived at the victim's house, Coney professed his continuing love for her and gave her a necklace. He then asked for money, claiming that the victim owed him for his having taken her to a movie one year earlier. When the victim refused to give him money, and instead attempted to return the necklace, Coney

sprayed paint in her face and pushed her into the house.

As the victim managed to get up onto a sofa, Coney went into the kitchen and retrieved a knife. He brandished the knife and demanded that the victim give him her jewelry, but the victim refused to comply. Coney then reiterated his demand for money, and the victim gave him about $4 from her purse. When the victim reached down to pick up one of her canes, Coney stepped on her hand, pushed her back onto the floor, sprayed more paint in her face, and tried to stab her in the back with the knife. He then hit the victim in the head with her cane. When Coney suddenly left the room, the victim ran out of the house and yelled for help, and a neighbor called the police on her behalf. Coney later ran from the house and drove away in his car.

After his arrest, Coney gave an inculpatory statement, in which he acknowledged that spray paint ended up on the victim's face, and that the victim gave him $4. He explained that he had not "meant for this to happen, but my emotions was in the way."

1. Coney contends that the trial court erred in denying his motion for new trial based upon his claim that his trial counsel provided ineffective assistance. Specific alleged deficiencies in the trial counsel's performance included the failure to conduct a reasonable investigation prior to the trial, failure to file defensive and discovery motions, failure to cross-examine certain witnesses adequately, and objecting to the trial court's declaring a mistrial.

At the hearing on this issue, Coney's trial counsel testified that he had more than sufficient time to prepare adequately for trial in the matter. Three months prior to the trial, he had also represented Coney in a probation revocation hearing, arising out of the same offenses for which he was convicted. During that hearing, he was able to cross-examine the victim and one of the police detectives who investigated the case, who were the two main witnesses for the state during the trial. Because of the information he obtained at the probation revocation hearing, the trial counsel felt it unnecessary to contact those witnesses again or to view the crime scene, which was the victim's home.

With regard to defensive and discovery motions, the trial counsel stated that he had received a list of witnesses at the arraignment, and that the district attorney's office had voluntarily advised him of all the evidence against Coney without his filing motions. He emphasized that he had always enjoyed a good working relationship with the district attorney's office, and he harbored no suspicions that the district attorney had concealed anything. Although Coney contends that filing appropriate motions is the only way a defense attorney can be assured that he has all the information to which he is entitled, he does not even suggest what motions would have been appropriate or beneficial in this case.

Coney also asserts that his trial counsel did not adequately cross-

examine a crime scene technician about fingerprints found on the knife at the victim's house, and the victim about inconsistencies in her account of the attack. The crime scene technician testified that she found latent fingerprints on the knife's blade, and Coney claims that his trial counsel was deficient in not inquiring upon cross-examination whether those fingerprints matched Coney's. However, the crime scene technician merely lifted the fingerprints and would not have been competent to identify the prints. Further, this evidence was before the jury, as the state and Coney's trial counsel stipulated that the crime lab report showed that the latent fingerprints on the knife did not match Coney's.

Concerning the inconsistencies in the victim's accounts of what transpired, Coney points out that at the trial, the victim testified that Coney first retrieved the knife from the kitchen and then beat her with the cane, whereas the investigating officer recalled that the victim stated that Coney beat her with the cane first, and then got the knife. This inconsistency was minor, and explained by the victim's distressed state of mind when she told the investigating officer what happened to her.

During the trial, a detective testified that Coney made a verbal statement that he "robbed" the victim to pay a traffic fine. The trial court considered that testimony to be a deliberate alteration of the officer's prior statement that Coney admitted that he "took" the money of the victim, and announced his intention to declare a mistrial. Both the prosecutor and defense counsel objected to a mistrial, and the trial court allowed the proceeding to continue. Defense counsel explained that he thought the detective's inconsistency, exposed upon cross-examination, could be helpful in establishing reasonable doubt as to Coney's guilt, and preferred to carry on with the trial because on retrial the detective would correct his testimony.

In order to establish a claim of ineffective assistance of counsel, a defendant must show that the trial counsel's performance was deficient, and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Perkins v. State*, 260 Ga. 292 (2) (392 SE2d 872) (1990). " 'Trial strategy and tactics do not equate with ineffective assistance of counsel. . . . The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' " *Nolan v. State*, 204 Ga. App. 170, 172 (419 SE2d 72) (1992). A trial court's finding that a defendant has been afforded effective assistance of counsel will not be disturbed on appeal unless clearly erroneous, *Cribbs v. State*, 204 Ga. App. 109 (418 SE2d 405) (1992), and considering the circumstances discussed above, we are unable to find the trial court's ruling on this matter clearly erroneous in the instant case.

2. Coney next contends that the misconduct of the detective in testifying that Coney stated that he robbed the victim was so prejudicial that the trial court should have persisted in declaring a mistrial, over the objections of both the prosecutor and the defense counsel. In response to the detective's testimony, the trial court instructed the jury to disregard the detective's conclusory opinion, and, sua sponte, declared mistrial. As noted above, however, defense counsel objected to a mistrial because he thought that the detective's inconsistency made him look so bad that it might create some reasonable doubt in the minds of the jurors. Under these circumstances, we find no manifest necessity to terminate the trial by declaring mistrial over the defense counsel's objection. See *Jones v. State*, 232 Ga. 324 (206 SE2d 481) (1974).

3. Lastly, Coney contends that the evidence was insufficient to support his convictions. Specifically, he asserts that inasmuch as the fingerprints found on the knife did not match his, the state failed to prove the element of use of an offensive weapon necessary to show an armed robbery. Further, he argues that the state's evidence that Coney beat the victim with a cane did not satisfy the element of use of a deadly weapon or other object in a manner likely to result in serious bodily injury, necessary to prove aggravated assault.

However, the victim's testimony about Coney's use of the knife was sufficient to establish the element of use of an offensive weapon. "The fact that there is a fingerprint at a crime scene which does not belong to the accused is neither exculpatory nor inculpatory." *Batton v. State*, 260 Ga. 127, 131 (4) (391 SE2d 914) (1990). Similarly, the victim's testimony, as well as that of her physician, regarding Coney's beating her head with her metal canes, sufficiently showed the use of an instrumentality in a way that was likely to cause serious injury, even though fortunately it did not.

Viewing the evidence in the light most favorable to uphold the jury's verdict, we find that the evidence authorized a rational trier of fact to find Coney guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993 —
RECONSIDERATION DENIED JUNE 10, 1993 — 

*Melvin S. Nash, James H. Williams*, for appellant.
*J. Tom Morgan III, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.