A93A1312. McCLENDON v. THE STATE.
(436 SE2d 524)

McMURRAY, Presiding Judge.

Defendant was indicted for burglary (Count 1) and for being a recidivist (Count 2). The case was tried before a jury and the evidence revealed the following:

At about 4:15 in the morning on August 27, 1992, Curtis L. Thompson observed a large spool of wire on the curb of the roadway outside his place of employment, Sunbeam Bread Company ("the bakery"). Thompson turned into the entrance of the bakery and saw a man in the path of his vehicle pushing a large spool of wire. Thompson stopped and told the man, "that [is] a good way to get run over." The stranger "raised up and walked away and left the reel of wire against the curb."

Thompson reported the incident to the police as soon as he arrived at work. About ten or fifteen minutes later, Officer Robert Carson of the Carrollton Police Department arrived at the scene and discovered that the spools of wire had been removed from the roadway. Officer Carson questioned Thompson, secured a detailed description of the suspect and transmitted the information to other patrolling law enforcement officers.

A patrolman responded to Officer Carson's dispatch and radioed that he was confronting a man matching the suspect's description about a block from the bakery. Officer Carson proceeded to the encounter and immediately recognized that defendant matched the description reported by Thompson. Officer Carson asked defendant why he was up at 5:00 in the morning and defendant explained that he was exercising and that he was on his way to work. Officer Carson perceived conflict in this explanation, but did not take defendant into custody.

Officer Carson returned to the reported crime scene, informed Thompson of the encounter with defendant and Thompson affirmed that defendant's reported appearance was compatible with his earlier observations. Officer Carson then heard a radio dispatch that two large spools of wire had been found abandoned off a dirt road near the bakery and that defendant had been apprehended about a half block from the first police encounter. Defendant was immediately transported to the bakery where Thompson confirmed that defendant

was the man he observed earlier that morning pushing the spool of wire.

The police later discovered that the spools of wire had been stolen from a nearby electrical and plumbing supply company during the night before defendant's apprehension and that defendant recently sold electrical equipment to a local electrical supply dealer at better than wholesale prices.

Defendant was found guilty of the crimes charged and this appeal followed the denial of his motion for new trial. *Held*:

1. Defendant first contends the trial court erred in denying his motion to suppress, arguing that his in-court identification was tainted by the one-on-one showup.

" ' "Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The totality of the circumstances must be viewed to determine if there is a 'likelihood of misidentification which offends against due process and "the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation." (*Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1982).)' (Cit.)" (Cit.)' *Hood v. State*, 199 Ga. App. 774, 775-776 (406 SE2d 120) (1991). 'Although the practice of showing suspects singly to a witness for identification purposes has been widely condemned, (cit.), "our appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense. (Cits.)" (Cit.)' *Baines v. State*, 201 Ga. App. 354, 357 (4) (411 SE2d 95) (1991). Accord *Andrews v. State*, 201 Ga. App. 329, 330 (1) (411 SE2d 52) (1991); *McCoy v. State*, 190 Ga. App. 258 (3) (378 SE2d 888) (1989)." *Rogers v. State*, 205 Ga. App. 739, 740 (1) (423 SE2d 435).

At the time Thompson observed asportation of the stolen wire, the suspect was directly in the path of Thompson's vehicle and was illuminated by a security light at a nearby warehouse, street lights and the headlights of Thompson's truck. Thompson stopped and talked to the stranger, observed him for about 30 seconds and watched the suspect raise up and walk away from the stolen merchandise. Thompson gave police a detailed description of the suspect's physical appearance and clothing and positively identified defendant at the one-on-one showup and at trial. The showup was conducted on the morning after the burglary and as soon as defendant was taken into police custody. Under these circumstances, we do not find that the one-on-one showup was unreasonable or unnecessarily suggestive

and we find it highly unlikely that Thompson misidentified defendant as the man he saw on the morning after the burglary. Consequently, the trial court did not err in denying defendant's motion to suppress. See *Williams v. State*, 188 Ga. App. 496, 498 (2) (373 SE2d 281).

2. In his second enumeration of error, defendant contends the evidence was insufficient to sustain his conviction for burglary.

Irving Walls testified that his plumbing and electrical supply company was burglarized sometime during the night before defendant's apprehension and that the two large spools of wire recovered near the bakery were items taken from his business premises. This testimony, evidence that defendant was seen in the area of the crime shortly after the burglary in possession of an item matching the description of the stolen merchandise and evidence that defendant abandoned the wire in the road after being detected by Thompson is sufficient to sustain the jury's finding that defendant is guilty, beyond a reasonable doubt, of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jackson v. State*, 205 Ga. App. 7 (1) (421 SE2d 119).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 27, 1993.

*Word & Flinn, Gerald P. Word,* for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney,* for appellee.