A94A0841. DENSON v. THE STATE.
(443 SE2d 300)

JOHNSON, Judge.

Ernest Lee Denson appeals his convictions for robbery by force, armed robbery and possession of a firearm during the commission of a crime and sentence imposed for those offenses as well as for the offenses of possession of a firearm by a convicted felon and recidivist.

1. Relying on *Rivers v. State*, 250 Ga. 288 (298 SE2d 10) (1982), Denson argues that the trial court erred in entering a conviction for armed robbery where the offensive weapon used to perpetrate the armed robbery is also the fruit of the armed robbery. "[A] defendant . . . cannot be convicted of armed robbery where the offensive weapon used to perpetrate the armed robbery is also the *only* fruit of the armed robbery itself." (Emphasis supplied.) *Rivers*, supra at 293-294 (1). Denson stole the victim's gun and then stole her pocketbook. Because the offensive weapon was not the only item taken from the victim, Denson's reliance on *Rivers*, supra, is misplaced.

2. Denson contends that a fatal variance exists between the allegations of Counts 1 and 2 of the indictment and the proof adduced at trial, constituting error. Count 1 of the indictment alleges that Den-

son took a pistol, holster and pocketbook by force in violation of OCGA § 16-8-40, and Count 2 of the indictment alleges that Denson took a pistol, holster and pocketbook by use of an offensive weapon in violation of OCGA § 16-8-41. He argues that it was not proven at trial and could never be proven that Denson was carrying an offensive weapon *prior* to his theft of Clifton's pistol. Therefore, he argues, the State has failed to prove an essential element of Count 2, and the conviction must be reversed. In support of his strict construction of the language of indictments he cites *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978): " ' "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance." ' " Id. at 241-242 (1) (b). However, "Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense." (Citations and punctuation omitted.) *Sparkman v. State*, 209 Ga. App. 763, 766 (4) (434 SE2d 564) (1993). We conclude that the over-inclusive list of items alleged to have been stolen in the indictment for armed robbery did not result in a variance between the indictment and the proof offered at trial so severe that it affected Denson's substantial rights, prejudiced the preparation of his defense, or exposed him to the possibility of subsequently having to stand trial for the same charge. Accordingly, we are unpersuaded by Denson's arguments that his convictions should be reversed on this ground.

3. Denson argues that the trial court erred in entering convictions for robbery by force and armed robbery where the evidence required to convict Denson of armed robbery was the only evidence showing robbery by force. It is clear from a review of the evidence of this case that the manner in which the initial theft, the theft of Clifton's pistol, was committed constituted a robbery by force. Further, as discussed in Division 1, the theft of the pistol could not have been armed robbery because *at that point* Denson did not possess an offensive weapon. Compare *Watkins v. State*, 207 Ga. App. 766, 768-770 (1) (c) (430 SE2d 105) (1993). That Denson then used the gun to strike Clifton's head and shoulders prior to stealing her pocketbook satisfies the elements of the offense of armed robbery. See *Coney v. State*, 209 Ga. App. 9, 12 (3) (432 SE2d 812) (1993). Although committed in close temporal proximity, the offenses were committed sequentially. The acts were committed in different ways and proof of the elements of

the offenses are not satisfied by introduction of the same evidence. Therefore there was no merger and we do not find that the trial court erred in entering convictions on both the robbery by force and armed robbery charges. See *Clay v. State*, 209 Ga. App. 266, 269 (3) (433 SE2d 377) (1993).

4. Finally Denson challenges the sufficiency of the evidence to support the convictions. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993). Viewing the evidence in this light, the testimony offered at trial is as follows. Janet Clifton was on her way to her home in Waycross after a business-related trip to Atlanta. She stopped outside a Flash Food store to make a telephone call from a pay phone. Suddenly, from behind, Denson grabbed her hair and pulled her to the ground. She reached into her car to retrieve a .25 calibre handgun which she kept in a pocket in the door. Denson knocked it out of her hand, picked it up and began hitting her head and shoulders with it. He then grabbed her purse, which was laying on the front seat and fled. Reviewing the evidence in this case in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Denson guilty beyond a reasonable doubt of robbery by force (the gun), armed robbery (the pocketbook) as well as the other offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 23, 1994 —
RECONSIDERATION DISMISSED APRIL 13, 1994.

*Jesse W. Owen*, for appellant.
*C. Paul Bowden, District Attorney, Melinda I. Ryals, Assistant District Attorney*, for appellee.