A94A1654. STACEY v. THE STATE.
(447 SE2d 339)

BLACKBURN, Judge.

Raymond Allen Stacey appeals his conviction as a habitual violator defined under OCGA § 40-5-58.

1. In his first enumeration of error, Stacey contends the trial court erred in denying his motion for new trial in that a fatal variance existed between the allegations of the indictment and the evidence adduced at trial. The indictment charged, in pertinent part, that Stacey "after having been declared to be a habitual violator by the Georgia Department of Public Safety, did operate a motor vehicle on Blandburg Road." At trial, two witnesses identified Stacey as the driver of a vehicle leaving the Amoco station on Highway 27, and two witnesses identified Stacey as the person they found in the driver's seat of a vehicle which was wrecked in a ditch off of Blandburg Road. Stacey told the witnesses he was alright and that his friends had gone to get help.

Stacey argues the indictment set out his offense in a particular way, i.e., that he operated a motor vehicle on Blandburg Road, and that the State failed to present any evidence that he so operated a vehicle. Stacey's reliance on *Walker v. State*, 146 Ga. App. 237 (1) (246 SE2d 206) (1978) is misplaced. In *Walker*, the defendant was charged with theft by taking for unlawfully taking tools left in a car he was repossessing for a bank. The trial court directed a verdict on the charge of motor vehicle theft because Walker was in lawful possession of the car as the repossessing agent of the bank. Therefore,

the manner of the theft of the tools was lawful possession with unlawful appropriation, rather than unlawful taking, and we reversed Walker's conviction of unlawful taking. Id.

"Our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantive rights of the accused. It is the underlying reasons for the rule which much be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense." (Citations and punctuation omitted.) *Denson v. State*, 212 Ga. App. 883, 884 (443 SE2d 300) (1994). The elements of the crime charged in the present case do not include any specific location in which the habitual violator operates a motor vehicle. Therefore, the location alleged in the indictment, with the exception of the county, is immaterial and pure surplusage. See *Nesmith v. State*, 183 Ga. App. 529, 530-531 (359 SE2d 421) (1987).

2. Next, Stacey contends the trial court erred in failing to exclude his pre-trial identification as impermissively suggestive.

As Officer Joel Richards of the Carrollton Police Department responded to a call regarding the present incident, he saw Stacey walking up the road, and he stopped to question Stacey. Stacey denied any knowledge of the accident but told Officer Richards his name. At the scene, Officer Richards found information in the vehicle identifying Raymond Stacey. Officer Richards obtained a photograph and proceeded to locate and question witnesses. On the same night as the incident, each witness described Stacey, and Officer Richards showed them a picture of Stacey for confirmation. It is undisputed that Officer Richards used only one photograph for the identification. Thereafter, each of these witnesses positively identified Stacey during the trial.

"Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. . . . [T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation." (Citations and punctuation omitted.) *McClendon v. State*, 210 Ga. App. 404, 405 (436 SE2d 524) (1993).

In the present case, the two witnesses at the Amoco station viewed Stacey in the cashier's area of the station as Stacey attempted to pay for the cost of the gasoline which his companion had already

paid. One of the cashiers testified that she and the other cashier watched Stacey because he appeared to be drunk. All the witnesses described Stacey to Officer Richards, who produced the photograph merely for confirmation. Under the totality of circumstances, the photograph identification, made on the same night the witnesses saw Stacey originally, was not unreasonable or unduly suggestive and did not improperly taint the witnesses' in-court identification. See id.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 26, 1994.

*Word & Flinn, Candace E. Rader,* for appellant.
*Peter J. Skandalakis, District Attorney, Jeffrey W. Hunt, Assistant District Attorney,* for appellee.