## A03A1114. EIDSON v. THE STATE.
### (586 SE2d 362)

ELLINGTON, Judge.

This case arose out of a January 4, 1999 incident in which appellant, Ronald Eidson, Jr., repeatedly struck the two-year-old child of his girlfriend in what he described as an attempt to stop the child's crying. Eidson was indicted February 9, 1999, and charged with "Aggravated Assault To Child (OCGA § 16-5-21)." Eidson pled guilty on March 5, 1999, and was sentenced to serve 20 years in prison. His sentence was later reduced to seven years to serve, with thirteen years probated. Eidson now contends that the use of the words "To Child" in his indictment proves that he was charged under OCGA § 16-5-21 (i),[1] the family violence provision of the aggravated assault statute. Code section 16-5-21 (i) was not signed into law until after Eidson's indictment and guilty plea. Eidson argues that since he was convicted under a statute not yet signed into law, his conviction was void. Finding no error, we affirm.

1. Eidson contends he was indicted and convicted under OCGA § 16-5-21 (i) for aggravated assault to a child, even though the statute had not yet been signed into law. Our review of the record, however, shows that Eidson was actually convicted under OCGA § 16-5-21 (a) (2), and the language "To Child" was mere surplusage. The indictment charged that Eidson "did unlawfully . . . commit an assault upon the person of child [victim's name], age 2, with his hands, objects which when used offensively against a person are likely to result in serious bodily injury, by repeatedly striking the said [child]." The indictment did not charge, nor did the State attempt to prove, the family connection necessary to convict under OCGA § 16-5-21 (i). Instead, the indictment merely laid out the elements of aggravated assault.

> Mere surplusage will not vitiate an indictment, and need not be established in proof. The material facts which constitute the offense charged must be stated and they must be proved in evidence. But allegations not essential to such purpose, which might be entirely omitted without affecting the charge and without detriment to the indictment, are consid-

---

[1] OCGA § 16-5-21 (i), enacted April 22, 1999, provides that,
[i]f the offense of aggravated assault is committed between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons excluding siblings living or formerly living in the same household, the defendant shall be punished by imprisonment for not less than three nor more than 20 years.
See Ga. L. 1999, p. 381, § 3.

ered as mere surplusage, and may be disregarded in evidence.

(Footnote omitted.) *Roseberry v. State*, 251 Ga. App. 856, 858 (3) (554 SE2d 816) (2001). In this case, the words "To Child" were not essential to proving the crime of aggravated assault. Likewise, the challenged portion of the indictment did not specify the manner in which the crime was done so as to require its proof, although we note that the parties did in fact stipulate that the victim was a child. The indictment was sufficient to inform Eidson of the charges against him, and to protect him from another prosecution for the same offense. *Stacey v. State*, 214 Ga. App. 130, 131 (1) (447 SE2d 339) (1994). Before entering his guilty plea, Eidson told the trial court he received a copy of the indictment, read it, and understood the charges against him. That Eidson was aware of the charges against him is further evidenced by his plea petition, in which he admitted committing the offense of "aggravated assault." Under the circumstances, we find that the words "To Child" in the indictment were mere surplusage and not an attempt to charge Eidson under OCGA § 16-5-21 (i).[2]

2. Eidson contends the trial court sentenced him under the mistaken belief that the minimum allowable sentence for aggravated assault was five years imprisonment. He points to the plea agreement for the proposition that the trial court was "interpreting an enhanced sentence which was not applicable to appellant." In the plea agreement, Eidson himself acknowledged the possible punishment he would receive if convicted was five to twenty years. The statutory range under OCGA § 16-5-21 for aggravated assault is one to twenty years.

We find no evidence in the record suggesting that the trial court did not understand its sentencing options, or that it failed to exercise properly its discretion in sentencing Eidson.[3] We note first that there is no indication the trial judge thought he was sentencing Eidson under OCGA § 16-5-21 (i), since that section calls for imprisonment of three to twenty years, not five to twenty years. The trial court initially sentenced Eidson to the maximum penalty for aggravated assault, twenty years to serve. After a psychological evaluation, the court resentenced Eidson to seven years to serve with the balance

---

[2] Furthermore, since Eidson was not convicted under OCGA § 16-5-21 (i), his complaint that the statute was applied to him ex post facto fails. See Ga. Const. 1983, Art. I, Sec. I, Par. X; see also *Hamm v. Ray*, 272 Ga. 659 (1) (531 SE2d 91) (2000) (delineating the characteristics of an ex post facto law).

[3] *Johnson v. State*, 259 Ga. App. 452, 456-457 (4) (576 SE2d 911) (2003); cf. *Mallarino v. State*, 190 Ga. App. 398 (379 SE2d 210) (1989) (trial judge clearly believed he was required to impose a minimum mandatory penalty of twenty-five years, when the minimum mandatory penalty was actually ten years).

probated. Both these sentences were within the allowable guidelines, and neither evidenced an intention to give Eidson the minimum sentence. Since nothing in the record suggests the trial judge mistakenly believed his discretion in sentencing Eidson was limited, we will not disturb the sentence on appeal. See *Harden v. State*, 239 Ga. App. 700, 701-702 (3) (521 SE2d 829) (1999) (this court will not review for legal error a sentence within the statutory limits).

3. Eidson's remaining enumeration of error, namely that he does not have the requisite family relationship to be charged under OCGA § 16-5-21 (i), is moot in light of our analysis in Division 1, supra.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED AUGUST 6, 2003.

*Robbman S. Kiker*, for appellant.

*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.