A04A1421. THE STATE v. BARNETT.
(602 SE2d 899)

MIKELL, Judge.

A Clarke County grand jury returned a five-count indictment against Anthony Lee Barnett on October 23, 2002. Barnett filed a special demurrer and motion to dismiss Counts I through IV of the indictment, which the trial court granted. The state appeals the trial court's order. We reverse.

Count I of the indictment charged Barnett with "aggravated assault (family violence)" and Counts II, III, and IV charged him with the offense of "family violence battery (felony)." The trial court struck Count I because the parenthetical phrase did not appear in the statute that Barnett was charged with violating, OCGA § 16-5-21, and Counts II, III, and IV because the phrase "family violence" did not appear in the Code sections charged in those counts, OCGA §§ 16-5-21.1 (f) (2), 16-5-23.1 (f) (2), and 16-5-23.1 (f) (2), respectively. The trial court reasoned that this additional language was inappropriate, excessive, and prejudicial to the rights of the defendant.[1] The trial court also concluded that the designation "felony" inappropriately injected the issue of punishment into the indictment.

1. In its first enumerated error, the state argues that the trial court erred by concluding that the indictment for aggravated assault was subject to special demurrer because it included the parenthetical phrase "family violence" in its titling portion. We agree.

The purpose of an indictment is to enable the defendant to prepare his defense intelligently and to protect him from double jeopardy.[2] It is the description in the indictment that characterizes the offense charged, not the name given to the offense in the bill of indictment.[3] Moreover,

---

[1] The court also noted in its order that it, as well as several other courts in the circuit, had uniformly held that this language was inappropriate and stated its desire that future indictments not include this language.

[2] *State v. English*, 276 Ga. 343, 346 (2) (a) (578 SE2d 413) (2003).

[3] *State v. Eubanks*, 239 Ga. 483, 484 (238 SE2d 38) (1977).

[t]he true test of the sufficiency of an indictment to withstand a special demurrer is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[4]

In the instant case, Count I of the indictment charged, in pertinent part, that Barnett

on the 10th day of June, 2002, . . . did make an assault upon the person on [sic] Tabitha Chandler, said person and said accused being parents of the same child, with his hands and arms, instruments which, when used offensively against a person is likely to result in serious bodily injury, by choking Tabitha Chandler around the neck with his arms; in violation of OCGA § 16-5-21.

The indictment was sufficient to withstand a special demurrer because it contained the elements of aggravated assault, informed Barnett of the charges against him, and was specific enough to protect him from double jeopardy.[5]

The trial court stated in its order that it had repeatedly ordered that the phrase "family violence" be stricken from previous indictments as mere surplusage. But mere surplusage does not vitiate an otherwise sufficient indictment.[6] Furthermore, in this case, the language of the statute supports the use of the term "family violence" in the description of the offense. OCGA § 16-5-21 (i) enhances the penalty for the commission of aggravated assault between persons who are the parents of the same child. Thus, not only did the indictment sufficiently apprise Barnett of the charges against him, it also put him on notice that enhanced sentencing would be sought. Accordingly, we find that the trial court's grant of the special demurrer to Count I was erroneous.

2. The state next argues that the trial court erred by granting the special demurrer to Counts II, III, and IV of the indictment, which charged Barnett with "family violence battery (felony)." The trial court set forth two reasons for its decision: (1) that the term "family

---

[4] (Punctuation and footnote omitted.) *Bradford v. State*, 266 Ga. App. 198, 200-201 (1) (596 SE2d 715) (2004).

[5] See *Eidson v. State*, 262 Ga. App. 664, 665 (1) (586 SE2d 362) (2003).

[6] Id. at 664 (1).

violence" was not contained in the Code sections charged; and (2) that the parenthetical designation of each offense as a felony inappropriately injected the issue of punishment into the indictment. The trial court is incorrect.

(a) OCGA § 16-5-23.1 (f) specifically states that "[i]f the offense of battery is committed between . . . persons who are parents of the same child, . . . then such offense shall constitute the offense of family violence battery." Count II of the indictment charged, in pertinent part, that Barnett "did intentionally cause substantial physical harm to the person of Tabitha Chandler, said person and said accused being parents of the same child, by choking [her]; in violation of OCGA § 16-5-21.1 (f) (2)."[7] Count III charged that Barnett "did intentionally cause visible bodily harm to the person of Tabitha Chandler, said person and said accused being parents of the same child, by scratching [her]; in violation of OCGA § 16-5-23.1 (f) (2)." Count IV charged that Barnett "did cause visible bodily harm to the person of Tabitha Chandler, said person and said accused being parents of the same child, by striking [her]; in violation of OCGA § 16-5-23.1 (f) (2)." Counts II, III, and IV of the indictment were sufficient to withstand special demurrer in that they apprised Barnett of the offenses with which he was charged.[8] Furthermore, the parenthetical was supported by the statute charged. Finally, even if we considered the parenthetical to be mere surplusage, its use does not warrant the dismissal of the indictment.[9]

(b) The state contends that the trial court erred by concluding that the parenthetical designation of each offense as a felony inappropriately injected the issue of punishment into the indictment. We agree.

In *Wynn v. State*,[10] upon which the state relies, the defendant argued that the use of the terms "felony" and "misdemeanor" during instructions to the jury improperly injected the issue of punishment. We held that since the trial court did not reference the possible sentencing for each offense, the defendant's argument lacked merit.[11] Though we are concerned here with the wording of the indictment rather than jury instructions, we find *Wynn* instructive. Since the

---

[7] The state admits that a scrivener's error was made in Count II, but that error was not the basis for the trial court's ruling. In any event, the error would not have provided a basis for the dismissal of the indictment. "It is the description of the crime, rather than the description and number of the section under which it appears in the Code which furnishes the criterion for determining whether the indictment is good." (Citations and punctuation omitted.) *Hill v. State*, 257 Ga. App. 82, 84 (1) (570 SE2d 395) (2002).

[8] See *Bradford*, supra.

[9] See *Eidson*, supra at 664 (1).

[10] 236 Ga. App. 98 (511 SE2d 201) (1999).

[11] (Citation omitted.) Id. at 101 (4).

indictment did not reference the sentencing for the offense charged, we find that it did not inject the issue of punishment. Thus, it was not subject to demurrer. Accordingly, the dismissal of Counts II through IV of the indictment was error.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 5, 2004 — 

*Kenneth W. Mauldin, District Attorney, Patricia K. Atwill, Edward H. Brumby, Jr., Assistant District Attorneys*, for appellant.
*Christopher M. Blanchard*, for appellee.